UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00406-JHM

GGNSC LOUISVILLE ST. MATTHEWS,
LLC, d/b/a/ GOLDEN LIVING CENTER –
ST. MATTHEWS, et al               PLAINTIFFS

v.

ILENE PHILLIPS                   DEFENDANT

## Memorandum Opinion and Order

This matter is before the Court on the motion by plaintiffs GGNSC Louisville St. Matthews LLC, d/b/a Golden Living Center – St. Matthews; GGNSC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; and GPH Louisville St. Matthews, LLC ("plaintiffs") to expedite consideration of their petition to compel arbitration (DN 4), as well as the motion by defendant Ilene Phillips to dismiss. (DN 7.) These matters are ripe for decision.

### I. Background

Ilene Phillips was a resident of Golden Living Center – St. Matthews from October 1, 2016, until March 1, 2017. Prior to her admittance, she signed an "Alternative Dispute Resolution Agreement" ("ADR agreement"). (DN 1-3.) This agreement stated that Phillips agreed to resolve "any disputes covered by this Agreement . . . exclusively by an ADR process . . ." (*Id.* at 2.) Covered disputes included "violation[s] of a right claimed to exist under federal, state, or local law . . . tort . . . consumer protection . . . negligence; gross negligence; malpractice; and any alleged departure from any applicable . . . medical, health care, consumer, or safety

standards." (*Id.* at 4.) The ADR agreement states on its first page in bold capital letters that "[t]his agreement is not a condition of admission to or continued residence in the facility." (*Id.* at 2.) Underneath Phillips' signature, the ADR agreement reads, "By my signature, I acknowledge that I have read this Agreement or had it read to me, that I understand what I am signing, and that I accept its terms." (*Id.* at 8.)

During her residency, Phillips alleges that she suffered physical and emotional injuries due to inadequate care, and her health and physical condition deteriorated beyond that caused by the normal aging process. She filed a civil action in Jefferson Circuit Court against all of the named plaintiffs in this case, as well as two other corporate entities, Redwood Holdings, LLC and Providence Healthcare Management, Inc.; a named administrator of the facility, Joshua Lee Schindler; and three unnamed defendants who provided care for Phillips while she was a resident. (DN 1-2.) The plaintiffs in this case then filed the present action, seeking to compel arbitration of Phillips' claims. (DN 1.) The plaintiffs have filed a motion for expedited consideration of their petition. (DN 4.) Phillips did not respond to this motion, but she has filed a separate motion to dismiss that the Court will consider. (DN 7.)

## II. DISCUSSION

### A. PHILLIPS' MOTION TO DISMISS

As our sister court recently stated when faced with a similar case seeking to compel arbitration of claims arising from a nursing home stay, "[w]e have been here before." *Richmond Health Facilities-Madison, L.P. v. Shearer*, 2017 WL 3273381, at *1 (E.D. Ky. Aug. 1, 2017). The motion to dismiss makes numerous arguments in favor of dismissal, but all of the asserted grounds for dismissal have been raised by defense counsel in other cases before this Court and others, and they have been denied by the courts in those cases. *E.g., Owensboro Health*

*Facilities, L.P. v. Henderson*, 2016 WL 2853569 (W.D. Ky. May 13, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, 2016 WL 815295 (W.D. Ky. Feb 29, 2016). Thus, the Court will only briefly address each.

### 1. FAILURE TO JOIN A NECESSARY PARTY

Phillips argues that the action should be dismissed for the failure to join the named administrator who is a defendant in the state court action, as this individual is a necessary and indispensable party under Fed. R. Civ. P. 19. However, "[t]he Court can and will decide the entire controversy without the administrators being named in the suit," as the administrators "have the same interest as [the corporate defendants] in this case: to compel arbitration." *Watkins*, 2016 WL 815295, at *2–3. Nor will the existing parties "incur inconsistent obligations" if the administrator is not joined. *Id.* at *3. Therefore, Rule 19 does not apply, and the Court will not dismiss for the failure to join the administrator. *Accord Owensboro Health Facilities, L.P. v. Canary*, 2017 WL 1015859, at *2 (W.D. Ky. Mar. 15, 2017); *Henderson*, 2016 WL 2853569, at *2; *Preferred Care of Del, Inc. v. Blankenship*, 2016 WL 7192127, at *2 (W.D. Ky. Dec. 12, 2016).

### 2. FAILURE TO STATE A CLAIM

Phillips makes two arguments in favor of dismissal pursuant to Fed. R. Civ. P. 12(b)(6). First, she argues that the agreement is unenforceable under the Federal Arbitration Act ("FAA") as it does not evidence a transaction involving interstate commerce. However, "[m]any cases have found that the FAA applies to arbitration agreements involving nursing home residents," with these cases recognizing "that it would be impracticable for the nursing home to procure all goods necessary for the daily operations purely through intrastate channels." *Preferred Care of*

*Del., Inc. v. Crocker*, 173 F. Supp. 3d 505, 514 (W.D. Ky. 2016) (citations omitted). Thus, the Court rejects this argument.

And second, Phillips argues that arbitration agreement is unconscionable. This argument is "baseless," as "[t]here was nothing either procedurally or substantively unconscionable about this arbitration agreement." *Watkins*, 2016 WL 815295, at *5–6. Voluminous paperwork and disparate bargaining power alone do not make an arbitration agreement unconscionable, especially one that clearly indicates it is not required for admission. Thus, the Court rejects this argument. *Accord Canary*, 2017 WL 1015859, at *3; *Henderson*, 2016 WL 2853569, at *2; *Blankenship*, 2016 WL 7192127, at *2.

### 3. LACK OF SUBJECT MATTER JURISDICTION

Phillips argues that this Court lacks subject matter jurisdiction over the present action, as the case neither arises under federal law nor has diverse parties. These arguments are derivative of those previously discussed. The Court found in regards to Phillips motion to dismiss for failure to state a claim that the transaction at issue implicates interstate commerce, thereby triggering the FAA. Thus, the case arises under federal law. And Phillips argument as to a lack of diversity relies upon her prior argument as to the named administrator in the state court action being a necessary party in the present case. According to Phillips, because the administrator must be joined, complete diversity will not exist once he is brought into this action as a plaintiff. But the Court has already determined that the administrator is not a necessary party. Therefore, based upon the plaintiffs who are properly in the case at this time, complete diversity exists. As such, the Court rejects Phillips argument that the Court lacks subject matter jurisdiction. *Accord Watkins*, 2016 WL 815295, at *2.

## 4. FAILURE TO AUTHENTICATE

Phillips argues that the action should be dismissed since the plaintiffs have failed to authenticate the ADR agreement. As our sister court has stated in a similar case,

> Authentication is a threshold — but relatively simple — requirement. To rely on a document, a party is required to show enough evidence to "support a finding" that the document is what the party says it is. Fed. R. Evid. 901(a). To determine whether that burden is met, the Court can consider the agreement's appearance, contents, substance, and characteristics. *See* Fed. R. Evid. 901(b)(4).

*Preferred Care, Inc. v. Howell*, 2016 WL 4470746, at *2 (E.D. Ky. Aug. 19, 2016). The Court finds that the plaintiffs have met that burden. Phillips points to nothing in the document to which the Court should give enhanced attention, instead simply noting that the FAA requires arbitration agreements to be made in writing. The document's appearance, contents, substance, and characteristics all appear ordinary for a case of this nature, and with Phillips giving the Court no reason to question that the document is what the plaintiffs say it is, the Court rejects Phillips argument in favor of dismissal. *Accord Howell*, 2016 WL 4470746, at *2; *GGNSC Vanceburg, LLC v. Hanley*, 2014 WL 1333204, at *8 (E.D. Ky. Mar. 28, 2014).

## 5. *COLORADO RIVER* ABSTENTION

Phillips argues that the Court should abstain from exercising jurisdiction pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under *Colorado River*, if there are parallel state and federal actions, the Court is to weigh eight factors in determining if abstention is proper. The factors include

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ... (4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative

progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). The Court in *Watkins* analyzed all eight considerations and found that, in a very similar case, "[n]early every factor weighs against abstention," *Watkins*, 2016 WL 815295, at *4.

> First, property is not at issue. Second, this Court is just as convenient for the parties as the state court; the two courts sit in the same city. Third, the Court will compel arbitration here, which will completely avoid any piecemeal litigation. Fourth, this Court obtained jurisdiction over the arbitration issue first. Fifth, the governing law here, the FAA, is federal. Sixth, it is unlikely that the state court will adequately protect [the Plaintiffs'] contractual right to arbitrate in light of the Kentucky Supreme Court's recent holding in *Extendicare Homes, Inc. v. Whisman*, [478 S.W.3d 306 (Ky. 2015)]. Seventh, the proceedings are at the same point. And eighth, there is concurrent jurisdiction.

The analysis in this case is nearly identical, with the only exception being that the facts of this case do not implicate the recently reversed *Whisman* decision. *See Kindred Nursing Centers Ltd. P'Ship v. Clark*, 137 S. Ct. 1421 (2017). However, this one factor does not tip the scales in favor of abstention. Thus, the Court will not abstain from exercising jurisdiction. *Accord Canary*, 2017 WL 1015859, at *2; *Henderson*, 2016 WL 2853569, at *2; *Blankenship*, 2016 WL 7192127, at *2.

### 6. ANTI-INJUNCTION ACT

Finally, Phillips argues that enjoining the state court action would violate the Anti-Injunction Act, and the case should thus be dismissed. However, "[a]n injunction when compelling arbitration falls into the 'necessary . . . to protect or effectuate [the district court's own] judgments' exception to the Anti-Injunction Act." *Watkins*, 2016 WL 815295, at *6 (quoting *Great Earth*, 288 F.3d at 893). Therefore, the Court will not dismiss the action.

## B. PETITION TO COMPEL ARBITRATION

The Court now turns to the plaintiffs' petition to compel arbitration. The ADR agreement provides that the FAA, 9 U.S.C. §§ 1–16, shall govern the agreement. (DN 1-3, at 6.) "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Specifically,

> [w]hen considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also N. Fork Collieries LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010) ("The task of the trial court confronted with" a motion to compel arbitration "is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint. If an arbitration agreement is applicable, the motion to compel arbitration should be granted") (citations omitted).

In this case, Phillips and the plaintiffs entered into an agreement to arbitrate (DN 1-3) that covers the exact type of claims Phillips has asserted in the state court action. All of Phillips claims allege some form of negligent care or supervision or a failure to adhere to statutory standards of care, and the agreement explicitly requires arbitration of "any disputes covered by this Agreement . . . [including] violation[s] of a right claimed to exist under federal, state, or

local law . . . tort . . . consumer protection . . . negligence; gross negligence; malpractice; and any alleged departure from any applicable . . . medical, health care, consumer, or safety standards." (DN 1-3, at 2–4.) Further, there are no federal claims asserted that are precluded from arbitration.

Finally, the Court must determine whether to stay the remainder of the proceedings. Under the Anti-Injunction Act, a district court may enjoin state court proceedings in order "to protect or effectuate its judgments," among other reasons. 28 U.S.C. § 2283. Thus, in order to effectuate its decision compelling arbitration, the Court will enjoin the state court action pending arbitration.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The plaintiffs' motion for expedited consideration of its petition to compel arbitration (DN 4) is **GRANTED.** The petition to compel arbitration (DN 1) is **GRANTED.** The defendants are **ENJOINED** from proceeding against the plaintiffs in the Jefferson Circuit Court action until the conclusion of the ordered arbitration. The parties are **COMPELLED** to arbitrate all claims which are the subject of the defendant's claims in Jefferson Circuit Court. Counsel shall promptly inform the Jefferson Circuit Court of this Memorandum Opinion and Order.

(2) This proceeding is **STAYED** until the conclusion of the ordered arbitration.

(3) The defendant's motion to dismiss (DN 7) is **DENIED**.

                                                        **Joseph H. McKinley, Jr., Chief Judge**
                                                        **United States District Court**

                                                                              August 9, 2017

cc: counsel of record